[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14252

_____

D. C. Docket No. 02-00098-CV-MCR

DANNY HAROLD ROLLING,

Petitioner-Appellant,

versus

JAMES V. CROSBY,
Secretary of the Florida
Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 9, 2006)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

The issue presented in this appeal is whether the Florida Supreme Court unreasonably concluded that the four attorneys for Danny Harold Rolling, a prisoner under sentence of death, deprived Rolling of effective assistance at the penalty phase of his trial when the attorneys delayed their filing of a motion for a change of venue. In November 1991, Rolling was indicted for the homicides of five college students and other related crimes that occurred in August 1990. Immediately before his trial in 1994, Rolling pleaded guilty to all the charges. The following day, jury selection began for the penalty phase of the trial. Several days later, Rolling's attorneys became convinced that the jury was likely to recommend a sentence of death, so they moved for a change of venue. Rolling argues that his attorneys were ineffective for failing to move sooner for a change of venue and then for providing inadequate support for the motion. The Florida Supreme Court concluded that Rolling's attorneys reasonably delayed the filing of the motion based on their experienced judgment that the venue, the well-educated community of Gainesville, was a favorable one for a capital trial, and their delay did not prejudice Rolling. Because the determination of the Florida court that Rolling was not deprived of effective assistance of counsel was reasonable, we affirm the denial of Rolling's petition for a writ of habeas corpus.

## I. BACKGROUND

Between August 24 and August 27, 1990, five college students were murdered in Gainesville, Florida. Rolling was indicted for the murders on November 15, 1991. On February 15, 1994, the day his trial was to begin, Rolling pleaded guilty to five counts of first-degree murder, three counts of sexual battery, and three counts of armed burglary of a dwelling with a battery. The trial court accepted the plea and adjudicated Rolling guilty on all counts. Intense media coverage surrounded the murders of the students and the indictment and trial of Rolling.

The day following Rolling's guilty plea, jury selection commenced for the penalty phase of the trial. Six days into jury selection, Rolling filed a motion for a change of venue. Counsel for Rolling argued that, based on their perception of the jury venire, the jurors in Alachua County could not be impartial in Rolling's case and a change of venue was necessary to preserve Rolling's right to a fair and impartial jury. Counsel supplemented the motion with numerous newspaper articles and radio and television transcripts, and the trial court took judicial notice of the extensive pretrial publicity. After detailing the meticulous jury selection process and articulating its belief that the jurors selected were impartial, the trial court denied the motion for a change of venue.

The penalty phase of trial was held from March 7 through March 24, 1994. At the close of the trial, the twelve-member jury unanimously recommended a sentence of death for each murder. The trial court entered a written order sentencing Rolling to death on each of the five homicides.

Rolling appealed to the Florida Supreme Court and argued, among other things, that the trial court abused its discretion when it denied his motion for a change of venue. The Florida Supreme Court affirmed the sentence on March 20, 1997, see Rolling v. State, 695 So.2d 278, 297 (Fla. 1997), and the Supreme Court of the United States denied certiorari on November 17, 1997, Rolling v. Florida, 522 U.S. 984, 118 S. Ct. 448 (1997).

On November 13, 1998, Rolling filed a motion for post-conviction relief in the state trial court in accordance with Florida Rule of Criminal Procedure 3.850 and asserted thirty-one claims. On April 5, 1999, Rolling filed an amended post-conviction motion in the state court that abandoned all claims except two of ineffective assistance of counsel related to the penalty phase: (1) trial counsel were ineffective for failure to seek properly and obtain a change of venue, and (2) trial counsel were ineffective for failure to challenge biased and fearful venire persons during voir dire. The court held an evidentiary hearing from July 11 through July 15, 2000. At the close of the hearing, the court issued a thirty-eight page order that

4

denied Rolling's motion.

The court credited the testimony of Rolling's trial attorneys that they made an informed tactical decision not to seek change of venue because they believed that the educated and open-minded citzenry of Alachua County made it the best venue for the penalty phase of a capital case and found that the decision of the trial attorneys was reasonable. The court also found that trial counsel more than adequately supported their motion when they did move for a change of venue. Rolling appealed to the Florida Supreme Court, which affirmed the denial of post-conviction relief. Rolling v. State, 825 So.2d 293 (Fla. 2002).

The Florida Supreme Court identified Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), as the controlling law and determined that Rolling's claim of ineffective assistance failed on both elements of the Strickland test. See Rolling, 825 So.2d at 296-303. The state court determined that trial counsel made an informed tactical decision initially to try Rolling's case in Alachua County, despite the pretrial publicity, and that initial decision to try the case in Alachua County did not "fall[] outside the wide range of reasonable professional assistance." Id. at 301. The Florida Supreme Court also determined that trial counsel adequately supported the change of venue motion that was eventually filed during the jury selection process. Id. at 301-02. With regard to the prejudice

5

element, the Florida Supreme Court determined that Rolling had failed to show any prejudice from counsel's alleged errors. Id. at 302-03. The court noted that the trial court was "well aware of the large amount of publicity surrounding this case from the early stages of the proceedings" and Rolling's argument that the trial court erred in denying the motion for a change of venue had been thoroughly addressed and rejected on direct appeal. Id. at 303.

On August 8, 2002, Rolling filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Florida. The district court denied relief on July 1, 2005, and Rolling appealed.

Although Rolling, in his initial brief, argued both that trial counsel were ineffective and that the state courts erred when they determined, on direct appeal, that a change of venue was not mandated, Rolling later abandoned the second argument. At oral argument, counsel for Rolling waived the argument about the alleged errors of the Florida courts on direct appeal. Rolling's counsel conceded that the only remaining argument on appeal involved the alleged ineffectiveness of his trial counsel.

## II. STANDARD OF REVIEW

"We review de novo the district court's dismissal of a [section] 2254 petition. We review the district court's factual determinations for clear error . . . .

6

An ineffective assistance of . . . counsel claim presents a mixed question of law and fact, and we review such a claim de novo." Clark v. Crosby, 335 F.3d 1303, 1307 (11th Cir. 2003) (citations omitted).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal district court may not grant the petition for a writ of habeas corpus of a state prisoner

> . . . with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state-court decision will . . . be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [those] cases." Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000). "A state-court decision will also be contrary to [the Supreme Court's] clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [that] precedent." Id. at 406, 120 S. Ct. at 1519-20. "[W]hen a state-court decision

7

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case, a federal court applying [section] 2254(d)(1) may conclude that the state-court decision falls within that provision's 'unreasonable application' clause." Id. at 409, 120 S. Ct. at 1521. The factual determinations of the state court "shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

## III. DISCUSSION

The only issues that remain before us concern Rolling's argument that he was deprived of effective assistance of counsel in violation of the Sixth Amendment. To prove ineffective assistance of counsel, Rolling had to establish "both that counsel's performance was deficient and that the deficient performance prejudiced the defense." Maharaj v. Sec'y for Dep't of Corrs., 432 F.3d 1292, 1318 (11th Cir. 2005). To establish that counsel's performance was deficient, Rolling had to prove "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064. To prove prejudice, Rolling had to establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

8

confidence in the outcome." Id. at 694, 104 S. Ct. at 2068.

Rolling challenges both the findings of fact and the application of federal law by the Florida courts. Rolling contends that the decision of the Florida Supreme Court was unreasonable with respect to both the delayed filing of his motion for a change of venue and the support provided for that motion. We address each argument in turn.

### A. The Determination of the Florida Supreme Court That Trial Counsel Were Not Ineffective for Failure to File a Motion for Change of Venue Sooner Was Reasonable.

Rolling's argument that his attorneys were ineffective for failing to move for a change of venue sooner is twofold. First, Rolling argues that the state court erred, as a factual matter, when it credited the testimony of his trial attorneys that they made an initial strategic decision to keep the trial in Alachua County because they believed it was the best venue for the trial. Second, Rolling argues that the state court determination that this strategy was reasonable was an unreasonable application of Strickland.

Rolling's challenge to the factual findings of the state court fails. The factual findings of the state court, including the credibility findings, are presumed to be correct unless Rolling rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Three members of Rolling's defense team and

Dr. Buchanan, the jury expert, testified at the 3.850 hearing that they made a strategic decision to try Rolling's case in Alachua County, and the state court credited this testimony. Rolling asserts that the state court should not have credited the testimony of trial counsel because it was merely a cover-up for their mistake, but this bald assertion is insufficient to rebut the presumption of correctness attached to the credibility finding of the state court.

Rolling's challenge to the determination of the Florida courts that trial counsel's strategy was reasonable also fails. The review of counsel's performance is deferential. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted). The state court applied this presumption to its review of trial counsel's performance and found that the decision to keep Rolling's case in Alachua County was reasonable. Rolling, 825 So.2d at 301.

We cannot say that the decision of the state court about the strategic choice of Rolling's attorneys was unreasonable. Based on years of experience in criminal defense, Rolling's attorneys believed the jury venire in Alachua County was more

willing to consider a recommendation of a life sentence than other venues in Florida. The attorneys also believed that the jury venire, in this medical community, was more likely to consider favorably Rolling's evidence in mitigation regarding mental health problems. The decision of the Florida courts that this strategy was sound was not unreasonable.

### B. The Determination of the Florida Supreme Court That Trial Counsel Were Not Ineffective in Their Support of the Motion for Change of Venue Was Reasonable.

Rolling argues that, if trial counsel had presented more evidence of publicity, the trial court would have granted the motion, but Rolling's argument fails on two grounds. First, Rolling has not established that the determination of the state court, that counsel's performance fell within the "wide range of reasonable professional assistance," Rolling, 825 So.2d at 301, was unreasonable. "The test for ineffectiveness is not whether counsel could have done more; perfection is not required." Waters v. Thomas, 46 F.3d 1506, 1518 (11th Cir. 1995). The Florida courts reasonably concluded that Rolling's attorneys performed competently in moving for a change of venue based on their extensive filings related to pretrial publicity.

Second, Rolling has not established prejudice from counsel's alleged failure to support the change of venue motion. To the contrary, the same judge presided at

11

Rolling's trial and the 3.850 hearing. After hearing the evidence presented at the 3.850 hearing, the court stated, "It is difficult to fathom what else counsel could have done to make this jurist any more acutely aware of the circumstances of this case prior to jury selection." The statement of the state court belies the contention that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. The determination that Rolling was not prejudiced by any errors of his trial counsel was not unreasonable. Rolling's petition fails on both elements of his ineffective assistance of counsel claim.

## IV. CONCLUSION

The denial of Rolling's petition for a writ of habeas corpus is

**AFFIRMED.**

12