[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14482
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00292-CV-4-RH-EMT

KURT LEWIS,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,
Secretary Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 5, 2010)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Kurt Lewis, a Florida prisoner serving a 10-year sentence for violations of the terms of his community control, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Lewis contends that he received ineffective assistance of counsel because counsel failed to inform him that he could be sentenced consecutively if he refused the government's plea offer of a 5-year concurrent sentence.

The state habeas court held two evidentiary hearings and heard testimony from Lewis, his former counsel, and the prosecutor. The court denied relief after finding that Lewis' counsel properly advised him of the terms of the government's plea offer and the consequences of rejecting it. The district court upheld the state habeas court's ruling but granted a certificate of appealability on the following issue:

> [W]hether Mr. Lewis is entitled to relief on the ground his attorney rendered ineffective assistance by failing to advise him correctly that the state had offered a plea agreement under which he would receive concurrent sentences in the two cases now at issue—not consecutive sentences as could be (and ultimately were) imposed in the absence of the plea agreement.

Lewis contends that the district court erred by denying his § 2254 petition. He argues that the record shows that his counsel affirmatively misadvised him on the possibility of consecutive sentencing, which constitutes deficient performance

2

under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 1052 (1984). Lewis asserts that he also meets Strickland's prejudice requirement because he would have accepted the plea but for his counsel's deficient advice, and as a result he is serving a sentence of ten years imprisonment instead of five.

When examining a district court's denial of a § 2254 habeas petition, we review de novo an ineffective assistance of counsel claim, which is a mixed question of law and fact. Rhode v. Hall, 582 F.3d 1273, 1279 (11th Cir. 2009). Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not grant habeas relief on claims that were previously adjudicated in state court, unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The factual findings of the state court, including the credibility findings, are presumed to be correct unless [the petitioner] rebuts the presumption by clear and convincing evidence." Rolling v. Crosby, 438 F.3d 1296, 1301 (11th Cir. 2006) (citing 28 U.S.C. § 2254(e)(1)). In the present case, conflicting testimony was

3

presented at the evidentiary hearing held by the state habeas court. In fact, this case comes down to a swearing match. Lewis testified that he rejected the government's plea deal because his lawyer, Dennis Boothe, advised him to do so on the grounds that the government offered nothing more than the maximum sentence. He points to these comments that Boothe made to the court at the community control revocation hearing: "A five year maximum sentence. [The prosecutor's] offer is five years. So we have nothing to lose to come and waste the court's time, because we're being offered nothing but the maximum sentence under the law."[1] Lewis relies on Boothe's statement as proof that Boothe misadvised him about the possibility that the sentence would be imposed consecutively. At the community control revocation hearing, the prosecutor told the court:

> I offered him five years on all his cases. That's not the maximum this Court can impose. The Court can impose consecutive sentences on these violations of probation cases, and I would ask this Court to sentence him to the maximum on each case; five years in case #2001-865, with a consecutive five years on #2001-1117-AF.

Lewis asserts the record establishes that Boothe never informed him about the possibility of consecutive sentences.

---

[1]The September 5, 2002 hearing on Lewis' alleged violations of community control was designated as a "VOP" hearing in the transcript. This opinion will refer to that hearing as the community control revocation hearing.

At the hearing before the state habeas court, Boothe explained that his statement at the community control revocation hearing was accurate because after Lewis rejected the government's plea offer, the offer was withdrawn and Lewis was facing consecutive sentencing. Boothe testified that he was aware that Lewis faced consecutive sentencing; he advised Lewis of that fact; and he strenuously argued with Lewis in an attempt to get him to accept the plea agreement, but Lewis refused. Boothe explained that Lewis wanted a hearing because he believed that the allegations against him could not be proven. The prosecutor testified that before the community control revocation hearing, she offered Lewis a deal to serve five years concurrently on all three of his cases. She also informed Boothe that if Lewis rejected the offer and went forward with the hearing, the offer would be revoked, and she would seek consecutive sentences of five years in each case.

The state habeas court credited Boothe's testimony. Although the parts of the record Lewis relies on might raise some doubts about his counsel's understanding of the state's plea offer, Lewis has not presented clear and convincing evidence establishing that the state court's credibility finding was incorrect. See Rolling, 438 F.3d at 1301. As a result he has failed to establish that he is entitled to habeas relief under § 2254.

**AFFIRMED.**

5