[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2011
JOHN LEY
CLERK

No. 10-13887
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cv-20705-FAM

EDUARDO GALIANA,

Petitioner-Appellant,

versus

SECRETARY OF THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 8, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Eduardo Galiana appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Galiana argued the state trial court erred by violating his Confrontation Clause rights under *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), in denying his motion to exclude the results of one of his blood alcohol tests. The district court denied Galiana's § 2254 petition, concluding the supervisory lab technician's in-court testimony did not violate *Crawford*. The district court then granted Galiana a certificate of appealability on his claim disputing the admissibility of the supervisor's testimony.[1]

On appeal, Galiana argues the district court erred in holding the state court's admission of the lab supervisor's in-court testimony, who did not actually conduct the test, was proper and not a violation of his Confrontation Clause rights under *Crawford*. Additionally, Galiana argues the admission of the supervisory technician's testimony was not harmless error, as it had a substantial and injurious effect or influence on the jury's verdict.

If a federal court determines there has been a constitutional error, habeas relief may not be warranted if the error was "harmless." *Brecht v. Abrahamson*, 507 U.S. 619, 622-23, 113 S. Ct. 1710, 1713-14 (1993). We ask "whether the

---

[1] We review a district court's dismissal of a § 2254 federal habeas petition *de novo*. *Rolling v. Crosby*, 438 F.3d 1296, 1299 (11th Cir. 2006).

error had substantial and injurious effect or influence in determining the jury's verdict." *Id*. at 637, 113 S. Ct. at 1722. "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice." *Id*.

Even if the district court erred in admitting the testimony of the supervisory lab technician, it resulted in harmless error. The jury heard testimony from multiple law enforcement personnel and paramedics that alcohol could be smelled on Galiana's breath, he had bloodshot eyes, mumbled, and was unsteady on his feet, all indicia of intoxication. Galiana even told a state trooper while he was in the hospital he had blacked out right before the accident. Additionally, the emergency room physician who treated Galiana testified the results from the toxicology test run on Galiana's blood while he was at the hospital determined his blood alcohol content was .272, well over the legal limit. Given all of the testimony presented, the supervising lab technician's testimony did not have a substantial effect or influence on the jury's verdict. Thus, the district court did not err in concluding any Confrontation Clause error was harmless. Accordingly, we affirm.

**AFFIRMED.**