**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-10479

Non-Argument Calendar

————————————

OLIVER D. WILLIAMS,

*Petitioner-Appellant,*

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,

Secretary, Florida Department of Corrections,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-60226-BB

————————————

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Oliver Williams, a Florida prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ

of habeas corpus.  A single judge of this Court granted a certificate of appealability on the following issue: "Whether the district court erred in denying Williams' claim that counsel performed ineffectively by failing to file a motion in *limine*, object, or move for a mistrial when a trial witness improperly testified that Williams possessed multiple firearms."  Williams asserts that his trial counsel, George Reres, was deficient for failing to act to exclude irrelevant testimony regarding his possession of multiple firearms.  He argues that counsel's failure was not a reasonable strategic decision and amounted to ineffective assistance.

We review *de novo* the district court's denial of a habeas corpus petition.  *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005).  That is, we review *de novo* "the district court's decision about whether the state court acted contrary to clearly established federal law, unreasonably applied federal law, or made an unreasonable determination of fact."  *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010) (quotation marks omitted); *see* 28 U.S.C. § 2254(d).  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which revised habeas corpus law, imposes a "highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt."  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation modified).  Thus, we review the district court's decision *de novo* but review the state post-conviction court's decision with deference.  *Reed*, 593 F.3d at 1239.

Pursuant to AEDPA, if a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the

decision of the state court: (1) was contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2). A federal habeas court making the unreasonable-application inquiry "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). "[A]n *unreasonable* application of federal law is different from an *incorrect* or *erroneous* application of federal law." *Id.* at 412 (emphasis in original).

A state-court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 694 (2002). Thus, a state prisoner seeking federal habeas relief "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Further, we "cannot grant habeas relief unless we have grave doubt that the constitutional error had substantial and injurious effect or influence" on the outcome of the proceeding. *Al-Amin v. Warden, Ga. Dep't of Corr.*, 932 F.3d 1291, 1298 (11th Cir. 2019) (quotation marks omitted).

To show that a state court's adjudication of a claim was based on an unreasonable determination of the facts, the petitioner must demonstrate: (1) that particular factual determinations were wrong, by clear and convincing evidence; and (2) that the state court's decision "taken as a whole" constitutes an "unreasonable determination of the facts" and is "based on" that determination. *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1035 (11th Cir. 2022) (en banc). Credibility findings by the state court are presumed to be correct unless rebutted by clear and convincing evidence. *Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006).

In applying AEDPA deference, we must first identify the highest state-court decision that evaluated the claim on its merits. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). If that decision lacks reasoning, we then "look through" to the last related state-court decision that does provide a relevant rationale and presume that the unexplained decision adopted the same reasoning. *Wilson v. Sellers*, 584 U.S. 122, 125 (2018).

The Sixth Amendment guarantees defendants in criminal proceedings the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984). For claims of ineffective assistance of counsel, a petitioner must demonstrate that: (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) the petitioner was prejudiced by the deficient performance, *i.e.*, there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 687–88, 694. If both are

shown, the petitioner's counsel did not function as "counsel" guaranteed by the Sixth Amendment, and the denial of the petitioner's right should be remedied. *Id.* at 687. Because both parts of the *Strickland* test must be satisfied in order to show ineffective assistance, we need not address the deficient-performance prong if the defendant cannot meet the prejudice prong, or vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

"There is a strong presumption that counsel's performance falls within the wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (citation modified). The burden is therefore on the defendant "to prov[e] that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Id.* If defendant fails to meet this burden, his claim for ineffective assistance similarly fails. "[A]ny deficiencies of counsel in failing to raise or adequately pursue [meritless issues] cannot constitute ineffective assistance of counsel." *Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 915 (11th Cir. 2009).

We have recognized how difficult it is to show that a state court's application of *Strickland*'s performance prong is unreasonable under § 2254(d). The standards created by *Strickland* and § 2254(d) are each highly deferential and, when applied in tandem, are "doubly" deferential. *Jenkins v. Comm'r, Ala. Dep't of Corr.*, 963 F.3d 1248, 1265 (11th Cir. 2020) (quoting *Harrington*, 562 U.S. at 105). Accordingly, when § 2254(d) applies, "the question is not whether counsel's actions were reasonable," but "whether there is

any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. This is a substantially higher threshold. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The decision not to object is a tactical one. We have stated that counsel's decision not to object may be based on a reasonable strategic choice, and the "fact that such a stratagem, viewed from hindsight, may have been imprudent does not . . . provide the basis for a claim of ineffective assistance of counsel." *Devier v. Zant*, 3 F.3d 1445, 1454 (11th Cir. 1993).

Here, the district court did not err in finding that the state post-conviction court's decision did not involve an unreasonable application of clearly established federal law. We "look through" the state appellate court's unelaborated affirmance of the denial of post-conviction relief and look to the lower state post-conviction court's reasoning, the last related state-court decision providing a relevant rationale. *Wilson*, 584 U.S. at 125; *Marshall*, 828 F.3d at 1285. Under the doubly deferential judicial review applied to *Strickland* claims evaluated under AEDPA deference, the district court correctly denied Williams's ineffective-assistance claim. It was not objectively unreasonable for the Florida post-conviction court to conclude that his trial counsel was not deficient under *Strickland* for failing to move *in limine* to exclude, object to, or move for a mistrial based on Jones's testimony regarding his ownership of other firearms. Williams's burden was to demonstrate that the state post-conviction court's ruling was "so lacking in justification that there

was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. He has failed to meet this burden.

As an initial matter, the Florida post-conviction court's denial of all of Williams's relevant claim was based in part on its determination that Reres's testimony was credible. This is not to say it was ironclad. His statements at the evidentiary hearing explaining his failure to object to the testimony of Julian Jones—Williams's significant other—sit in some tension with his subsequent actions. Though Reres claimed that he did not want to object for fear of putting Jones on the defensive, he proceeded to object to the next two statements Jones made during the same line of questioning.

Nevertheless, the state court determined that Reres was credible. These kinds of credibility determinations are presumed to be correct unless rebutted by clear and convincing evidence. *See id.*; *Pye*, 50 F.4th at 1035; *Rolling*, 438 F.3d at 1301. The fact that an attorney's strategy for deciding not to make an objection, when "viewed from hindsight, may have been imprudent does not . . . provide the basis for a claim of ineffective assistance of counsel." *Devier*, 3 F.3d at 1454. Therefore, while Williams may be correct that Reres's explanation is not completely consistent with his subsequent actions, this Court must nevertheless defer to the state court. *See Pye*, 50 F.4th at 1035; *Rolling*, 438 F.3d at 1301.

Pursuant to this credibility determination, the state court did not unreasonably conclude that Williams had failed to prove ineffective assistance of counsel. As to Reres's failure to move *in*

*limine* to exclude such testimony, Reres believed that such testimony would not be presented at trial, as Jones had apparently been instructed not to testify about other weapons that Williams owned. Williams has not shown that this assumption was unreasonable under prevailing professional norms. *See Kimmelman*, 477 U.S. at 381. Reres's failure to object to Jones's testimony was not strategically unreasonable in light of his belief that Jones might reveal more damaging information if challenged on the witness stand. *See Devier*, 3 F.3d at 1454. Indeed, Reres testified that Jones's behavior when she made the statement indicated that if she were pushed, she would have provided "devastatingly bad testimony" about Williams. Reres could have reasonably decided at that time, therefore, not to object and put her "even more on the defensive." Reres's decision to not make a motion for mistrial was similarly not constitutionally deficient. Williams has failed to demonstrate that the district court would have granted a new trial even if Reres had moved for one after Jones's testimony. Counsel has no obligation to make a meritless motion. *See Owen*, 568 F.3d at 915 ("[A]s shown below, the underlying substantive claims . . . lack merit. Thus, any deficiencies of counsel in failing to raise or adequately pursue them cannot constitute ineffective assistance of counsel").

Thus, giving deference to the state post-conviction court's determination that Reres's conduct was not constitutionally deficient, the state post-conviction court did not unreasonably apply clearly established federal law in denying Williams's ineffective-assistance claim. *See Jenkins*, 963 F.3d at 1265; *Knowles*, 556 U.S. at 123.

Because Williams cannot meet the deficient-performance prong, this Court needn't address the prejudice prong. *See Holladay*, 209 F.3d at 1248. Accordingly, we affirm the district court's denial of Williams's § 2254 petition.

**AFFIRMED.**